# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CRIMINAL NO. 1:99CR52-19

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| ) | |
| LONNIE EDGAR PEELER, JR. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's motion for a reduction of sentence, filed July 28, 2008, a motion for recusal of a district court judge, filed August 6, 2008, and a motion for a writ of *habeas corpus* and relief from judgment, filed August 19, 2008. The motions are denied.

The procedural history of this case has been thoroughly summarized in prior Court orders and is incorporated herein. **See Memorandum and Order, filed April 12, 2007, at 2-7 (denying Defendant's § 2255 motion to vacate); Order of Dismissal, filed May 29, 2008, at 1-2 (denying Defendant's motion pursuant to 28 U.S.C. § 1651).** Defendant is currently serving a 235-month term of imprisonment. **Judgment in a Criminal Case, filed August 30, 2004.**

Addressing first the Defendant's motion for recusal of the undersigned, he alleges that the Court abused its discretion in sentencing him to a longer term of imprisonment than was agreed upon in his plea agreement; that by ruling on his post conviction motions without requiring the Government to respond, the Court has shown favor to the Government and has denied the Defendant due process; and that due to the Court's bias and prejudice toward him, the Defendant cannot receive due process of law or equal protection under the United States Constitution. **See Defendant's Motion for Recusal, at 2-3.**

Title 28 U.S.C. § 455[1] provides in pertinent part:

(a) Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
(1) Where he has a personal bias or prejudice concerning a party[.]

**28 U.S.C. § 455.** As stated in the statute, a judge is required to recuse himself from any proceeding in which his impartiality might reasonably be questioned. *Id.* "This objective standard asks whether the judge's impartiality might be questioned by a reasonable, well-informed observer

---

[1] Defendant incorrectly cites this statute as 29 U. S. C. § 455.

who assesses all the facts and circumstances." **United States v. DeTemple, 162 F.3d 279, 286 (4th Cir. 1998) (internal quotation omitted).**

Here, the Defendant states that the Court abused its discretion when sentencing him to 235 months imprisonment even though his plea agreement called for a specific sentence of 63 months and that the Court accepted his guilty plea "without discussing the plea agreement." **Defendant's Motion, at 2.** However, the record shows otherwise and the Fourth Circuit agreed, having affirmed Defendant's conviction and sentence. **See United States v. Peeler, 148 F. App'x 184-85 (4th Cir. 2005);** *see also* **Memorandum and Order,** *supra*, **at 5-7.**

Next, the Defendant states recusal is necessary because the Court has ruled on Defendant's subsequent post conviction motions without requiring a response from the Government, thereby showing favor to the Government and denying the Defendant due process. In denying the Defendant's motion to vacate, the record of the earlier criminal proceedings clearly demonstrated the Defendant was not entitled to relief and the Court determined it was unnecessary to require the Government to respond to his allegations. **See Rule 4, Rules Governing Section 2255**

**Proceedings for the United States District Courts; Memorandum and Order,** *supra***, at 2.** Instead of filing an appeal of the Court's summary dismissal of his § 2255 motion, the Defendant has determined to flood this Court will spurious, meritless motions that contain the same baseless allegations and arguments previously presented and, as such, require no response from the Government.

Lastly, the Defendant alleges he has been denied due process and other Constitutional protections due to the Court's bias and prejudice in this case. Other than his complaint that the Court has shown favor to the Government by not requiring responses to his motions, and the fact that the Court has not ruled favorably in his behalf, the Defendant fails to specify what action the Court has taken that could be construed as displaying bias or prejudice in these proceedings. "Almost invariably [adverse rulings] are proper grounds for appeal, not for recusal." ***Liteky v. United States*, 510 U.S. 540, 555 (1994).** Such vague allegations and conjecture are insufficient to show personal bias, impartiality or improper conduct. ***Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997).** The statute "requires recusal if the judge's impartiality might reasonably be questioned by a well-informed, thoughtful observer rather than to a

hypersensitive or unduly suspicious person." ***O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001).** The Defendant has fallen woefully short of making such a showing and his motion for recusal must be denied.

Defendant has also filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which section provides in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that – in any case – the court, upon *motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment . . . if it finds that (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, . . . for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

**18 U.S.C. § 3582(c)(1)(A).** Defendant alleges that he is suffering from "several medical problems that are comparable to being handicapped," such as chronic obstructive pulmonary disease, bronchitis, coronary artery disease, high blood pressure, cardiovascular disease, and emphysema. **Defendant's Motion for Reduction of Sentence, filed July 28, 2008, at 3.** He also alleges his physical condition is worsening the longer he is

incarcerated. *Id*. However, the statute is clear that this Court has no power to reduce Defendant's sentence unless the Director of the Bureau of Prisons makes such a motion on the Defendant's behalf and cites extraordinary and compelling reasons warranting such relief. The Director has not filed such a motion.

Defendant's last motion is one for a writ of *habeas corpus* pursuant to 28 U.S.C. § 1651 and for relief from judgment pursuant to Fed. R. Civ. P. 60(a) and (b). The § 1651 motion mirrors the previous one Defendant filed in February 2008 and is denied for the same reasons as set forth in the Court's Order of Dismissal filed May 29, 2008. **See Order of Dismissal, *supra*, at 4 (finding Defendant was attempting to challenge his conviction and sentence a second time and determining the Court lacked jurisdiction to consider a second or successive petition, citing United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)).**

Defendant also moves for relief from the Judgment, arguing that since he did not receive the benefit of his plea agreement, *i.e.*, a sentence of 63-78 months, that the Court should set aside his 235-month sentence, order the Government to file a Rule 35 motion to reduce his sentence for Defendant's substantial assistance, and then resentence the Defendant to

a term of 64 months imprisonment.  **Defendant's Motion for Reduction of Sentence,** *supra*, **at 8-10.**  The motion is clearly without merit.

Defendant is not only consistently incorrect in his recitation of the facts, but fails to mention some pertinent details.  No where in his *plea agreement* is a promise that he will serve a specified term of imprisonment in exchange for his guilty plea.  **Plea Agreement, filed August 20, 1999.**  The Government's motion for downward departure, filed the day Defendant was originally scheduled to be sentenced, recommended the Court sentence the Defendant to a term of 63 months to reflect his substantial assistance during the investigation.  **Motion for Downward Departure, filed July 6, 2000.**  What is conspicuously missing from the Defendant's recitation of the facts is his admission that he failed to appear for sentencing, that a warrant was issued for his arrest, and that he was on the lam for some four years before being captured.  By such conduct, Defendant forfeited any consideration the Government had previously given, and the motion for downward departure was withdrawn.  The record clearly shows that the Government held up its end of the plea agreement; the Defendant did not.  He has only himself to blame for literally walking away from a 63 month sentence.

The Defendant does not argue that his Judgment contains clerical mistakes, oversights or omissions or is the result of "mistake, inadvertence, surprise, or excusable neglect[,]" or state that he has newly discovered evidence, or offer any other reason that might justify the relief he seeks. **Fed. R. Civ. P. 60(a) & (b)(1), (2) & (6).** Therefore, the Court finds no reason to disturb or otherwise provide Defendant any relief from the judgment entered herein.

Lastly, prisoners do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive or vexatious motions. ***Demos v. Keating*, 33 Fed. Appx. 918 (10th Cir. 2002); *Tinker v. Hanks*, 255 F.3d 444, 445 (7th Cir. 2001); *In re Vincent*, 105 F.3d 943 (4th Cir. 1997).** The Defendant has challenged his conviction and sentence *via* a § 2255 motion and the motion has been adjudicated by this Court. The Defendant did not pursue an appeal. Instead, he has now filed four additional motions that are not only thinly disguised attempts to further challenge his sentence, but the motions repeat the same arguments that have been soundly rejected by this Court and the Fourth Circuit. The Defendant is hereby warned that future frivolous filings will result in the imposition of a pre-filing review system. ***Vestal v. Clinton*, 106 F.3d 553**

**(4th Cir. 1997).** If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. ***Foley v. Fix*, 106 F.3d 556 (4th Cir. 1997);** *In re Head*, **19 F.3d 1429 (table), 1994 WL 118464 (4th Cir. 1994).** Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. **See, 28 U.S.C. §1651(a);** *In re Martin-Trigona*, **737 F.2d 1254 (2d Cir. 1984).**

**IT IS, THEREFORE, ORDERED** that the Defendant's motions for recusal, for reduction of sentence, for a writ of *habeas corpus* and for relief from judgment are hereby **DENIED.**

Signed: December 11, 2008

Lacy H. Thornburg
United States District Judge